# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| Everett McKinley Dirksen United States Courthouse | | Office of the Clerk |
| --- | --- | --- |
| Room 2722 - 219 S. Dearborn Street | | Phone: (312) 435-5850 |
| Chicago, Illinois 60604 | | www.ca7.uscourts.gov |

## NOTICE OF ISSUANCE OF MANDATE

July 6, 2009

To:   Norbert G. Jaworski
      UNITED STATES DISTRICT COURT
      Southern District of Illinois
      Benton , IL 62812-0000

| | |
| --- | --- |
| | UNITED STATES OF AMERICA, |
| | Plaintiff - Appellee |
| No.: 08-2515 | |
| | v. |
| | |
| | STEVEN L. LACEY, |
| | Defendant - Appellant |

| **Originating Case Information:** |
| --- |
| District Court No: 4:07-cr-40052-MJR-01 |
| Southern District of Illinois |
| District Judge Michael J. Reagan |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

PARTIAL RECORD RETURN                Record to be returned later

| | |
|---|---|
| Pleadings to be returned later: | 1 |
| Sealed Envelopes to be returned later: | 2 |

This notice sent to:

[X]     United States Marshal          [X]     United States Probation Officer

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                      **Received by:**

_____                         _____

form name: **c7_Mandate** (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

CERTIFIED COPY
A True Copy
Teste:
_[signature]_
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

June 12, 2009

BEFORE:   WILLIAM J. BAUER, Circuit Judge
          DANIEL A. MANION, Circuit Judge
          DIANE S. SYKES, Circuit Judge

| No.: 08-2515 | UNITED STATES OF AMERICA, Plaintiff - Appellee<br><br>v.<br><br>STEVEN L. LACEY, Defendant - Appellant |
|---|---|

| Originating Case Information: |
|---|
| District Court No: 4:07-cr-40052-MJR-01<br>Southern District of Illinois<br>District Judge Michael J. Reagan |

The judgment of the District Court is **AFFIRMED** in accordance with the decision of this court entered on this date.

  form name: **c7_FinalJudgment** (form ID: **132**)



# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-2515

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

STEVEN LACEY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 07 CR 40052—**Michael J. Reagan**, *Judge.*

ARGUED FEBRUARY 20, 2009—DECIDED JUNE 12, 2009

Before BAUER, MANION, and SYKES, *Circuit Judges.*

MANION, *Circuit Judge.* Steven Lane Lacey pleaded guilty to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced him to 108 months' imprisonment. Lacey appeals, challenging both his conviction and his sentence. We affirm.

I.

While investigating two Yahoo groups transmitting images of child pornography over the internet, Federal Bureau of Investigation agents traced one of the images to 47-year-old Stephen Lane Lacey, who posted the image of a nude prepubescent female engaged in oral sex with an adult male. When the agents interviewed Lacey at his workplace, he admitted to trading child pornography over the Internet since 1996. He also admitted that he used one of his two home computers to share and view child pornography. Agents seized a computer hard drive and several CD-ROMs after Lacey consented to a search of his home. The items seized contained several thousand still images and approximately two dozen videos of child pornography.

Lacey was indicted and pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). At the change of plea hearing, the district court asked Lacey, among other things, if the government could prove beyond a reasonable doubt the "jurisdictional element" of a § 2252A(a)(5)(B) violation—that the child pornography "had been transported, shipped or mailed in interstate or foreign commerce, including by computer." Lacey responded, "Yes, sir." Later, while reciting the factual basis for the plea, the government's attorney asserted that the "images have traveled in interstate commerce to end up in . . . Illinois." The court asked Lacey if the government could prove that averment beyond a reasonable doubt; Lacey again responded, "Yes, sir." Based on those affirmations, the court accepted Lacey's plea.

Prior to sentencing, Lacey advanced several objections to the presentence report ("PSR"). Among those objections was his claim that he was not subject to a five-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D) for possessing over 600 images of child pornography. Instead of the 5,000-plus images attributed to him in the PSR, Lacey insisted he was only responsible for the four images listed in the indictment and to which he pleaded guilty of possessing. According to Lacey, any amount over the four images was unreliable because the government had not produced evidence that any of the other images depicted actual minors as opposed to computer-generated "virtual" children.

After a thorough review of the images, the district court rejected Lacey's objection and applied the enhancement. It gave several reasons for doing so. First, the court discussed twelve of the video images the PSR included as relevant conduct.[1] It found that the videos featured actual children because, to the court's knowledge, making a movie with virtual actors who were indistinguishable from real actors was impossible. Because the Guidelines treat twelve videos of child pornography as equivalent to over 600 still images, the court found the five-level enhancement justified on that basis alone.

Next, the court turned to the still images recovered from Lacey's computer and the CD-ROMs in his possession.

---

[1] The PSR listed 25 video files as relevant conduct. However, the district court, after examining the videos, culled that number down to 12 after excluding the videos that were either duplicates or did not clearly depict minors.

Discarding duplicate images, those of poor quality or small size, and any image that did not clearly portray minors, the district court narrowed the total number listed in the PSR to around 2,000 images. The court stated that it visually inspected those remaining images, stopping its inspection only after it had determined that there was "no question" that at least 1,000 of them involved real children. The court noted its calculation was consistent with the government's report from the National Center for Missing and Exploited Children ("NCMEC"),[2] which concluded that at least 1,222 of the images from Lacey's hard drive and his CD-ROMs involved real children. On those bases, the district court applied the enhancement.

In addition to the five-level enhancement under § 2G2.2(b)(7)(D), the district court added a four-level enhancement under U.S.S.G. § 2G2.2(b)(4) for material that portrayed sadistic and masochistic conduct. The court identified two images and one video that justified the enhancement: a photograph of a child being sexually abused while blindfolded; another image of a child, blindfolded with hands bound and a rope around the neck, who was being sexually abused; and a video of a young child screaming and crying as she was raped by an older man. After applying that enhancement, the court calculated Lacey's offense level at 33 and his sentencing range at 135 to 168 months' imprisonment. The

---

[2] The NCMEC maintains a database of known victims of child pornography, which can be used for purposes of comparison.

No. 08-2515                                                              5

statutory maximum for Lacey's offense was ten years, and the court imposed a sentence of 108 months' imprisonment. Lacey appeals.

II.

On appeal, Lacey first challenges the evidence establishing the jurisdictional element of his § 2252A(a)(5)(B) conviction.[3] He argues that the government did not produce any evidence that the images found on his hard drive and CD-ROMs had been transported in interstate commerce. Lacey acknowledges that he did not raise this issue in the district court and that a guilty plea ordinarily waives all objections to a conviction. *See, e.g.*, *United States v. Harvey*, 484 F.3d 453, 455 (7th Cir. 2007). However, Lacey contends that a sufficiency challenge to the jurisdictional element cannot be waived. In the alternative, he argues that the district judge failed in his obligation under Federal Rule of Criminal Procedure 11(b)(3) to satisfy himself that there was a factual basis for the jurisdictional element of Lacey's conviction.

Section 2252A(a)(5)(B) proscribes knowing possession of child pornography "that has been mailed, or shipped or

---

[3] During oral argument, Lacey's attorney also attempted to challenge the constitutionality of § 2252A as applied to the Internet. In his appellate brief, however, Lacey specifically states that he is *not* challenging the constitutionality of that statute. Appellant br. at 11-12. He has therefore waived any such argument.

6                                                                                                No. 08-2515

transported . . . in or affecting interstate or foreign commerce by any means, including by computer." That quoted language is commonly referred to as the "jurisdictional element" of the offense. *See United States v. Anderson*, 280 F.3d 1121, 1125 (7th Cir. 2002). Lacey claims that his challenge to that element of the offense cannot be waived by his guilty plea due to its jurisdictional nature.

Lacey correctly notes that a guilty plea does not waive certain jurisdictional challenges to a conviction—challenges that go "to the very power of the State to bring the defendant into court to answer the charge brought against him." *Blackledge v. Perry*, 417 U.S. 21, 30 (1974); *see also United States v. Bell*, 70 F.3d 495, 496-97 (7th Cir. 1995). However, contrary to Lacey's contention, his attack on the evidence supporting the jurisdictional element of his § 2252A(a)(5)(B) conviction is not that type of jurisdictional challenge. A "jurisdictional element" is simply an element of a federal crime. It is jurisdictional "only in the shorthand sense that without that [interstate commerce] nexus, there can be no federal crime . . . . It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.*, a court's constitutional or statutory power to adjudicate a case, here authorized by 18 U.S.C. § 3231." *United States v. Martin*, 147 F.3d 529, 532 (7th Cir. 1998) (internal citation omitted). As an offense element, it does not implicate the court's power to hear a case and can be waived by a guilty plea—as it was here. *See Milhem v. United States*, 834 F.2d 118, 120 (7th Cir. 1987) (noting that "a plea of guilty to an offense constitutes a waiver of any claim of insufficiency of proof on any element of that offense"). Because Lacey has not asked to

set aside his guilty plea, we will not entertain his challenge to the sufficiency of the evidence supporting the jurisdictional element of his § 2252A(a)(5)(B) conviction.

Lacey's other claim—that the district court failed to sufficiently apprise itself of the factual basis for Lacey's plea—is contradicted by the record. At the change of plea hearing, Lacey admitted—twice—that such a factual basis existed. First, when reciting the elements of the crime, the district court specifically asked Lacey if he agreed that the government could prove that the child pornography was "transported, shipped or mailed in interstate or foreign commerce . . . as charged," to which he replied, "Yes, sir." Second, after the government set forth the factual basis for the plea, which included that the images of child pornography had "traveled in interstate commerce," the court asked Lacey if the government could prove all it had recited beyond a reasonable doubt, to which he again replied, "Yes, sir." Those admissions are sufficient to establish a factual basis for the jurisdictional element of the § 2252A(a)(5)(B) offense. *Cf. United States v. Turner*, 272 F.3d 380, 389-90 (6th Cir. 2001) (finding government's contention that it was prepared to prove conspirators "had purchased items that moved in interstate commerce in preparation for the crime" sufficient to establish the factual basis for the jurisdictional element of the Hobbs Act offense). We therefore reject Lacey's challenge to his conviction.

In addition to challenging the jurisdictional element of his conviction, Lacey argues that the district court committed two errors at sentencing. First, Lacey contends

8                                                                             No. 08-2515

that the district court erred in finding that the offense involved more than 600 images of child pornography, a finding which increased his guidelines range five levels under U.S.S.G. § 2G2.2(b)(7)(D). "We review a district court's application of the sentencing guidelines *de novo*, but defer to the court's finding of facts unless they are clearly erroneous." *United States v. Irby*, 240 F.3d 597, 599 (7th Cir. 2001).

Relying on *United States v. Frabizio*, 445 F. Supp. 2d 152 (D. Mass. 2006), Lacey claims that the district court's visual inspection of the images was insufficient to find that they were images of actual minors as opposed to virtual ones.[4] In *Frabizio*, the district court concluded that visual inspection alone was insufficient to differentiate real children from virtual ones. 445 F. Supp. 2d at 155. The district court therefore required further extrinsic evidence beyond visual inspection—though what specifically that would entail (other than an "expert with greater knowledge of computers"), the court did not say. *Id.* at 159. Lacey would have us go even farther than *Frabizio*; he argues that "[w]ithout testimony of a person who participated in the *creation* of a digital image, no authenticity of the claimed images can be determined." Appellant br. at 13 (emphasis added).

Lacey's reliance on *Frabizio* is misplaced. Not only is *Frabizio* a district court case that is not precedential author-

---

[4] The Supreme Court held in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), that the First Amendment protects the possession of virtual images of child pornography.

ity, *Matheny v. United States*, 469 F.3d 1093, 1097 (7th Cir. 2006), but also it is no longer good law. After the district court's decision in *Frabizio*, the First Circuit definitively held, contra *Frabizio*, that the government is not required to present any further evidence of the reality of the children depicted other than the pictures themselves. *See United States v. Rodriguez-Pacheco*, 475 F.3d 434, 441-42 (1st Cir. 2007).[5] In so holding, the First Circuit was simply echoing what every other court of appeals confronting this issue has concluded: expert evidence is not required to prove the reality of children portrayed in pornographic images. *See United States v. Salcido*, 506 F.3d 729, 733-34 (9th Cir. 2007) (per curiam) ("We agree with every other circuit that has ruled on the issue that expert testimony is not required for the government to establish that the images depicted an actual minor."); *United States v. Irving*, 452 F.3d 110, 120-22 (2d Cir. 2006) (rejecting appellant's

---

[5] The First Circuit held in *United States v. Nolan*, 818 F.2d 1015, 1017-19 (1st Cir. 1987), that a trier of fact, without the assistance of an expert or other evidence, can discern between an actual and virtual image of child pornography. However, in *United States v. Hilton*, 363 F.3d 58, 65-66 (1st Cir. 2004), the First Circuit, relying on *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), moved away from *Nolan* and held that the government was obligated to produce expert testimony to establish the reality of an image of child pornography. The First Circuit later withdrew that opinion, *United States v. Hilton*, 386 F.3d 13 (1st Cir. 2004), but the status of *Nolan* remained in doubt until *Rodriguez-Pacheco*, which reaffirmed the holding in *Nolan*. The district court in *Frabizio* issued its ruling during that interim of uncertainty. *See Frabizio*, 445 F. Supp. 2d at 156-57.

Case: 08-2515 Document: 49 Filed: 07/06/09 Page: 13 of 15

10                                   No. 08-2515

claim that the government must produce evidence extrinsic to the pictures themselves); *United States v. Farrelly*, 389 F.3d 649, 654 (6th Cir. 2004) ("The question of whether the images are virtual or real is one of fact, to be determined by evidence about which argument can be made to the jury."), *abrogated on other grounds by United States v. Williams*, 411 F.3d 675, 677 n.1 (6th Cir. 2005); *United States v. Slanina*, 359 F.3d 356, 357 (5th Cir. 2004) (per curiam) (holding extrinsic evidence was not required to prove reality of children in images); *United States v. Deaton*, 328 F.3d 454, 456 (8th Cir. 2003) (per curiam) (holding that the "pictures themselves support the district court's determination that the images were plainly of children under age 12, and depicted actual children"); *United States v. Hall*, 312 F.3d 1250, 1260 (11th Cir. 2002) (reviewing for plain error and determining from the pornographic pictures themselves that "no reasonable jury could have found that the images were virtual children created by computer technology as opposed to actual children").

Joining our sister circuits, we reject Lacey's argument that the government was required to present any expert evidence, much less testimony from those who created the pornographic images, to establish that the images depicted real as opposed to virtual children. Because Lacey has presented no evidence that would call into question the reality of the children, we hold that the district court's visual inspection was sufficient to support its finding that the images depicted actual children. *See Irving*, 452 F.3d at 121. In addition, we note that the district court, in its thorough oral discussion of this

No. 08-2515 11

issue, based its finding not just on its visual inspection alone; it also compared its observations with the NCMEC report to confirm that the images involved real children. *See United States v. Hoey*, 508 F.3d 687, 691 (1st Cir. 2007) (relying on similar NCMEC report).[6]

Lacey's second challenge to his sentence is easily dispatched. Lacey contends that the Sixth Amendment, as interpreted in *Blakely v. Washington*, 542 U.S. 296 (2004), and its progeny, required a jury and not the district court to determine contested factual issues at sentencing, such as how many images Lacey possessed, if each image depicted an actual minor, and whether an image depicted sadistic or masochistic conduct. That argument has no merit. *See United States v. White*, 472 F.3d 458, 464 (7th Cir. 2006) (characterizing this line of argument as "frivolous"). "In the aftermath of *Booker*, the sentencing guidelines are construed as advisory, not mandatory. We have repeatedly held . . . that sentencing enhancements need not be found by a jury beyond a reasonable doubt because they no longer alter the statutory maximum." *Id.* (internal citation omitted). Because Lacey was sentenced

---

[6] We note an alternative ground for affirming the district court's application of the enhancement: the twelve videos on Lacey's computer that the district court found contained child pornography. On appeal, Lacey does not challenge the district court's finding that those videos contained real children. As those videos by themselves support the five-level enhancement, *see* U.S.S.G. § 2G2.2 application note 4(B)(ii) (2007), Lacey's challenge to the court's reliance on its visual inspection of the still images makes no difference to his sentence.

below the statutory maximum of ten years for his offense, his argument is unavailing.

### III.

Lacey's plea of guilty waived his challenge to the jurisdictional element of his § 2252A(a)(5)(B) conviction. Moreover, the district court, relying on Lacey's admissions during the change of plea hearing, sufficiently apprised itself of the factual basis for the jurisdictional element. Regarding Lacey's sentence, the district court correctly enhanced his sentence five levels under U.S.S.G. § 2G2.2(b)(7)(D) for possessing over 600 images of child pornography based on the numerous images and videos he possessed. Moreover, because the court sentenced Lacey below the statutory maximum, no Sixth Amendment violation occurred. We therefore AFFIRM Lacey's conviction and sentence.